UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH (#313084)

VERSUS                                              CIVIL ACTION

LUKE RHEAMS, ET AL                                  NUMBER 11-482-JJB-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 29, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH (#313084)

VERSUS                                              CIVIL ACTION

LUKE RHEAMS, ET AL                                  NUMBER 11-482-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed on behalf of defendants Capt. Luke Rheams and Maj. Trampus Butler. Record document number 33. The motion is not opposed.

Pro se plaintiff, an inmate currently confined in Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Penitentiary ("LSP") corrections officers Capt. Luke Rheams[1] and Maj. Trampus Butler[2]. Plaintiff alleged that he was issued false disciplinary reports in retaliation for filing an Administrative Remedy Procedure ("ARP") and providing a statement to investigators about Capt. Rheams' alleged wrongdoing.[3]

---

[1] Luke Rheams currently holds the rank of major. At the time of the incident he held the rank of captain. Hereinafter he will be referred to as Capt. Rheams since all of the documentation related to the incident identifies him as Capt. Rheams.

[2] Trampus Butler is no longer employed at LSP. At the time of the incident he held the rank of major.

[3] Plaintiff also named as defendants Louisiana State
(continued...)

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Capt. Rheams, Maj. Butler and Donovan Dupuy, copies of disciplinary reports issued July 22, 2010, copies of Louisiana State Penitentiary Directive Nos. 09-037 and 09-003, a copies of Investigative Services Reports dated August 25, 2010, and October 4, 2010, and a copy of ARP LSP-2010-2759.

## I. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(c).

### B. Retaliation

Plaintiff alleged that he was issued false disciplinary reports by Capt. Rheams and Maj. Butler in retaliation for

---

[3](...continued)
Penitentiary corrections officers Lt. Col. Eli Wilson, Maj. Stewart Hawkins, Maj. Kendal Varner, Kevin Benjamin, officer Reginald Ladmirault and Herbert Duncan.  On June 7, 2012, the defendants' motion to dismiss was granted dismissing all of the plaintiff's claims against these defendants, except for the retaliation claim against Capt. Rheams and Maj. Butler.  Record document number 24.  In addition, the court declined to exercise supplemental jurisdiction over any state law claim and held that, pursuant to 42 U.S.C. § 1997e(e), the plaintiff is prohibited from recovering compensatory damages.

providing an investigator with a statement regarding Capt. Rheams' alleged excessive use of force against another inmate and for filing an ARP against Capt. Rheams.

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).  However, claims of retaliation from prison inmates are regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal institutions.  *Woods*, 60 F.3d at 1166.

To prevail on a claim of retaliation, a prisoner must establish four elements  (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.  *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law.  *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods*, 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a

3

specific constitutional right"). Further, the inmate must allege more than his personal belief that he is the victim of retaliation. *Jones*, 188 F.3d at 325; *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). To demonstrate the requisite retaliatory intent on the defendants' part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred. *Johnson*, 110 F.3d at 310; *Woods*, 60 F.3d at 1166. In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context. *Morris*, 449 F.3d at 684-85; *Hart*, 343 F.3d at 764.

The purpose of allowing inmates retaliation claims under 42 U.S.C. § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *Morris*, 449 F.3d at 686 (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584 (1998)). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris*, 449 F.3d at 686. *De minimis* acts that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of

a § 1983 claim. *Id*. Thus, an inmate's job transfer from the commissary to the kitchen was *de minimis*, while his transfer to a more dangerous prison was not. *Id*. at 687; *see also Bibbs v. Early*, 541 F.3d 267, 271-72 (5th Cir. 2008) (subjecting inmate to below-freezing temperatures for more than four hours during each of four consecutive nights was more than *de minimis*). Adverse acts that cause an inmate only a "few days of discomfort," impose "a [single] minor sanction," or impose an otherwise constitutional restriction on the inmate would be *de minimis* acts. *Id*. at 685-86.

Plaintiff alleged in his verified complaint[4] that on June 23, 2010, he provided investigative officers Maj. Hawkins and Lt. Col. Wilson with a written statement after allegedly witnessing Capt. Rheams use excessive force on another inmate. Plaintiff alleged that after the alleged incident, Capt. Rheams was temporarily transferred to another unit. Plaintiff alleged that on July 2, 2010, Capt. Rheams was reassigned to the Main Prison West Yard, and on that date he threatened to retaliate against the plaintiff for involving himself in the incident with the other inmate.

Plaintiff alleged that on July 2, 2010, he filed an ARP

---

[4] A review of the record showed that the plaintiff filed a verified complaint which contains a version of the incident substantially different than the version recounted by the defendants. The court can properly treat this verified pleading as an affidavit in opposition to the defendants' motion for summary judgment since the plaintiff was competent and made the assertions based on personal knowledge. *See, Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77 (5th Cir. 1987).

complaining that Capt. Rheams threatened to retaliate against him. Plaintiff alleged that on July 22, 2010, during an emergency inmate count, he was instructed to go to the Walnut unit security booth where he was searched by Capt. Rheams. Plaintiff alleged that he was accused of swallowing contraband and was taken to Maj. Butler's office for questioning. Plaintiff alleged that he told Maj. Butler that Capt. Rheams was carrying out an earlier threat to retaliate against him for providing a statement to investigators about Capt. Rheams' alleged excessive use of force on another inmate. Plaintiff alleged that when Capt. Rheams was questioned by Maj. Butler, he admitted that he knew the plaintiff had provided a statement to investigators but he denied any knowledge that the plaintiff had filed an ARP regarding his alleged threatened retaliation. Plaintiff alleged that Maj. Butler said he would show the plaintiff "not to file on his officers."[5] Plaintiff alleged that he was placed in administrative segregation and was issued two disciplinary reports for swallowing contraband and refusing to provide a urine sample for a drug test.

Plaintiff alleged that after being placed in administrative segregation he declared himself a medical emergency and requested that he be taken to the prison infirmary to have his stomach x-rayed. His request was documented on a health care request form.

Plaintiff alleged that he appeared before the disciplinary

---

[5] Record document number 1, Complaint, p. 9.

board on July 26, 2010. Plaintiff alleged that the hearing was continued and the disciplinary board ordered an investigation. Plaintiff alleged that following the investigation he appeared before the disciplinary board in August 2010 and was found guilty of the disciplinary infractions.

    Defendants offered a different version of the incident. Capt. Rheams denied that he issued the plaintiff a false disciplinary report in retaliation for the complaints made by the plaintiff. According to Capt. Rheams, on July 22, 2010, he was in the Walnut booth conducting a random search of prisoners coming down the walk.[6] Lt. Donavan Dupuy sent the plaintiff to the booth to be searched. He gave the plaintiff a direct order to open his mouth so he could look inside. Plaintiff tilted his head all the way back so that he could not see inside the plaintiff's mouth. He gave the plaintiff another order to open his mouth and as the plaintiff tilted his head back he observed something stuck on the roof of the plaintiff's mouth. He ordered the plaintiff to spit the object out of his mouth but the plaintiff refused to comply and swallowed the object. He once again ordered the plaintiff to open his mouth and when he inspected the plaintiff's mouth, the object was no longer present. Capt. Rheams stated that he then escorted the plaintiff to Maj. Butler's office. Capt. Rheams stated that he subsequently issued the plaintiff a disciplinary report for

---

    [6] Record document number 33-5.

defiance because the plaintiff did not comply with the order to spit out what was in his mouth.

Maj. Butler denied that the disciplinary report he issued to the plaintiff was false or that he issued the plaintiff a false disciplinary report in retaliation for filing an administrative grievance or complaint.  According to Maj. Butler, on July 22, 2010, at approximately 1:00 p.m., Capt. Rheams and the plaintiff entered his office.  Capt. Rheams informed him that the plaintiff had swallowed an object during a routine search.  Maj. Butler ordered the plaintiff to take a drug test.  Plaintiff refused to take the drug test and was turned over to security and placed in administrative lockdown.  Because the plaintiff refused to submit to a drug test, Maj. Butler issued the plaintiff a disciplinary report for contraband.

Plaintiff was found guilty of the two disciplinary infractions,[7] the disciplinary reports were combined, and the plaintiff was sentenced to a custody change to "WCB" (working cell block).[8]

Defendants argued that they are entitled to summary judgment as a matter of law because the plaintiff will not be able to prove the necessary elements to prevail on his retaliation claim against them.  First, the defendants argued that the plaintiff failed to

---

[7] Record document number 34-2, pp. 26-28.

[8] *Id.*; record document number 33-6, p. 2.

allege a violation of specific constitutional right. Specifically, the defendants argued that the plaintiff's retaliation claim, i.e. he was retaliated against for providing a statement to investigative services personnel regarding Capt. Rheams' use of excessive force against inmate Mondrell Wilson, "was not an assertion of legitimate constitutional rights afforded the plaintiff."[9]  The essence of the defendants' argument is that because the plaintiff's statement related to the violation of another inmate's constitutional rights and not his own, any adverse action taken by the defendants against the plaintiff for providing the statement to investigators could never form the basis of a retaliation claim.

Defendants have re-characterized the plaintiff's allegations to fit their defense.  Plaintiff is not seeking to assert the rights of inmate Mondrell Wilson.  Rather, the plaintiff's retaliation claim is based on invoking **his** First Amendment right to provide investigators, at their request, with an eye witness account of what he believed to be wrongdoing by a corrections officer.  As previously noted, prison officials may not retaliate against a prisoner for complaining through proper channels about a guard's misconduct. *Morris v. Powell*, *supra*.  This aspect of the defendants' argument is wholly without merit.

Second, the defendants argued that the plaintiff failed to

---

[9] Record document number 33-1, p. 7.

9

establish their intent to retaliate against him for the exercise of his First Amendment right.  Although the plaintiff did not offer direct evidence of the defendants' motivation, he sufficiently alleged a chronology of events from which retaliation may plausibly be inferred.  Clearly, the plaintiff's version of the incident conflicts with the defendants' version, and the court may not weigh the evidence or make credibility determinations in resolving the motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).

Third, the defendants argued that the plaintiff failed to establish causation.  Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred."  *Wood v. Smith*, 60 F.3d at 1166.  Defendants argued that because the plaintiff was detained as a result of a "random" search and the disciplinary reports were issued contemporaneous to the search, the plaintiff will be unable to prove that the disciplinary reports would not have been issued but for a retaliatory motive.  In making this argument, the defendants have again ignored the allegations made in the complaint.  In his verified complaint the plaintiff alleged facts which, if believed, would support finding that the search was not random.[10]  Specifically, the plaintiff alleged that Lt. Dupuy told him that Capt. Rheams instructed Lt. Dupuy to send the plaintiff to the

---

[10] Record document number 1, Complaint, pp. 7-8.

security booth to be strip searched by Capt. Rheams.  Moreover, the plaintiff alleged that he was not issued a disciplinary report by either defendant until after the three of them discussed the statement he provided to investigators and the ARP he allegedly filed against Capt. Rheams.

## Conclusion

There are material factual issues in dispute which make summary judgment for the defendants on the plaintiff's retaliation claim inappropriate.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion for Summary Judgment filed by defendants Capt. Luke Rheams and Maj. Trampus Butler judgment be denied.

Baton Rouge, Louisiana, January 29, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE