UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE SMITH                      CIVIL ACTION

VERSUS

LUKE RHEAMS, ET AL.              NO.:11-00482-BAJ-SCR

## RULING AND ORDER

Before the Court are Plaintiff's **Motions for New Trial (Docs. 136, 138)**, **Motions to Compel Production Filed Pursuant to FRCP Rule 37(a)(2)(A) (Docs. 137, 139)** and **Motion to Expand Evidence Record (Doc. 141)**, filed by Theodore Smith ("Plaintiff"), seeking a new trial on three grounds: (1) that the jury's verdict was against the great weight of the evidence, (2) that defense counsel improperly suggested Plaintiff "had to prove that the Defendant's (sic) had to write [him] up, find [him] guilty of the write up and sentence [him]" and (3) that the trial was "unfair" because one of his witnesses, Candace Watkins ("Watkins"), who may have impeached or corroborated Burl Cain's testimony, was not subpoenaed to trial. (Doc. 138 at ¶¶ 4-6). Luke Rheams and Trampus Butler ("Defendants") oppose the motions for new trial and motions to compel. (Doc. 140). For the reasons stated below, Plaintiff's motions are **DENIED**.

Rule 59 of the Federal Rules of Civil Procedure provides that a new trial may be granted "on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). Although Rule 59(a) does not list specific grounds for a new

trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted). However, it is within the "sound discretion of the trial court" to determine whether to grant or deny a motion for new trial. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). Plaintiff advances three arguments in support of his motion. Each will be considered in turn.

First, Plaintiff contends that the jury's verdict was against the great weight of the evidence. In opposition, Defendants argue that "[t]he great weight of the evidence failed to establish that either defendant retaliated against Plaintiff." (Doc. 140 at p. 1). The Court agrees. Like many cases of this kind, the verdict in this case ultimately hinged on credibility determinations. More specifically, in making its decision, the jury necessarily had to choose which version of the events it believed – Plaintiff's or Defendants'. That the result is in one party's favor rather than another's does not automatically compel a finding that the verdict was unsupported by the evidence. Here, Defendants' proffered legitimate, non-retaliatory reasons for taking the actions complained of by Plaintiff, which the jury was free to believe or not believe, and the Court need not rehash all of the evidence presented which supported this conclusion. Moreover, even had the Defendants acted beyond the scope of their authority, as Plaintiff asserts, a mere violation of

2

prison regulations without more is not actionable under 42 U.S.C. § 1983.[1] *Jackson v. Cain*, 864 F.2d 1235 (5th Cir. 1989). Thus, the Court finds that the verdict was not against the great weight of the evidence.

Plaintiff's next argument is that defense counsel improperly stated in her closing argument that "[D]efendants merely wrote Smith up; and that they did not find Smith guilty and/or sentence Smith." (Doc. 138-1 at p. 23). He contends that such statements confused the jury regarding his burden of proof. The Court disagrees. In charging the jury, the Court used the phrase "preponderance of the evidence" or "more likely than not" nearly a dozen times. Further, in his closing argument, Plaintiff visually demonstrated what his burden was by stretching his arms out and moving them as if balancing scales. Plaintiff has not articulated how defense counsel's statement could have confused the jury regarding the burden of proof. Instead, defense counsel's statements were presumably offered to support a legal argument that Plaintiff failed to prove one of the necessary elements of a retaliation claim: causation. This type of argument is entirely permissible in summation. Accordingly, Plaintiff's objection is without merit.

In his final contention, Plaintiff argues that the trial was "unfair" because Watkins, who may have impeached or corroborated Burl Cain's testimony was not subpoenaed to trial. (Doc. 138-1 at p. 24). Plaintiff states that Watkins received letters from the Attorney General's Office informing her of the trial, but because Watkins was not subpoenaed, she did not have a valid excuse to miss work. (*Id.*).

---

[1] Notably, in charging the jury, the Court informed the jury of this principle.

Prior to trial, the Court held a hearing after Defendants filed a motion to quash virtually all of the subpoenas filed by Plaintiff, as well as a motion in limine to limit various witnesses' testimony, including Watkins. (*See* Docs. 68, 75-97; Doc. 104). Although Plaintiff did not list Watkins as a potential witness in his initial pretrial order (*see* Doc. 56), his subsequent pretrial orders proffered that Watkins would testify about a conversation she had with Warden Burl Cain in which Warden Cain "informed her that he looked into the Rheams/Butler situation and found [Plaintiff] did no wrong." (Doc. 99 at p. 5; Doc. 108 at p. 5; Doc. 119 at p. 10). As a result, of that conversation, Warden Cain let Plaintiff out of the cell blocks, returned him to school, restored his visitation privileges, and sought to keep Rheams away from Plaintiff. (*Id.*). Based on this proffer, at the hearing, the Court found that Watkins's testimony would likely constitute double hearsay, and thus, would be inadmissible under the Federal Rules of Evidence. More specifically, Watkins was not present for any of the incidents complained of by Plaintiff and thus, had no firsthand knowledge of any of the events forming the basis of this lawsuit. Instead, there were more appropriate witnesses, including Plaintiff himself and Warden Cain, who could testify to the circumstances surrounding Plaintiff's claims. Thus, the Court did not grant Plaintiff's request for a subpoena of Watkins. In an abundance of caution, however, the Court ordered Defendants to put Watkins on notice that she may be called to testify subject to the evidence adduced at trial. (Doc. 114 at p. 2).

At trial, after Warden Cain testified, Plaintiff re-urged his request to call Watkins, even though Plaintiff had no proffer, such as an affidavit, confirming what exactly Watkins would testify to if called. In denying Plaintiff's request, the Court highlighted that, strictly speaking, Warden Cain's testimony was not inconsistent with Watkins' proffered testimony. Instead, Warden Cain stated that he could not remember the full substance of his conversation with Watkins – not that he never said what Plaintiff alleged. Further, Plaintiff failed to present any evidence to suggest that Warden Cain even reviewed the decision of the Disciplinary Board with respect to Smith, much less officially overturned that decision. Instead, Warden Cain testified that he opted to unilaterally reinstate Plaintiff's privileges and change Plaintiff's housing assignment in his discretion as Warden. Stated differently, he withdrew the penalties after speaking with Watkins because he sought to give Plaintiff a second chance, not as a result of finding fault in the investigation. Accordingly, the Court does not find that failing to permit Watkins to testify rendered Plaintiff's trial "unfair."

In a related motion, Plaintiff now seeks to "expand the evidence record" to include an affidavit by Watkins detailing what her testimony would have been at trial. (Doc. 141). The Court will not speculate as to the value of such an affidavit had it of been presented during the trial, but notes that Plaintiff has not provided a single justification for his failure to timely obtain this "offer of proof" despite this case being over three years old at the time of trial. This is clearly not a situation

where the evidence was newly discovered. For this reason, the Court declines Plaintiff's request.

Plaintiff's final motions seek an order from this Court compelling Defendants to produce audio recordings of all Disciplinary Board proceedings relative to the disciplinary reports filed against Plaintiff. (Docs. 137, 139). Defendants oppose the motions as untimely. The Court agrees. Not only was the instant motion filed after discovery ended, but after a trial by jury and issuance of a final judgment in this matter. Accordingly, the Court finds that Plaintiff's motions to compel are untimely.

For the foregoing reasons,

**IT IS ORDERED** that the following motions are **DENIED**:

- Plaintiff's **Motions for New Trial (Docs. 136, 138)**

- Plaintiff's **Motions to Compel Production Filed Pursuant to FRCP Rule 37(a)(2)(A) (Docs. 137, 139).**

- Plaintiff's **Motion to Expand Evidence Record (Doc. 141).**

Baton Rouge, Louisiana, this 19th day of August, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA