UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**THEODORE SMITH (#313084)**                                          **CIVIL ACTION**

**VERSUS**

**LUKE RHEAMS**                                                       **NO. 11-0482-BAJ**
**AND TRAMPUS BUTLER**

### AMENDED ORDER REGARDING MOTION TO
### PROCEED IN FORMA PAUPERIS ON APPEAL

Considering the appellant's application for leave to proceed *in forma pauperis* on appeal, his certified trust fund account statement or institutional equivalent, and all consents and other documents required by the agency having custody of the appellant to withdraw funds from his account,

**IT IS ORDERED** that the application for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. § 1915 be and it is hereby **DENIED** for the following reason:

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the Court certifies that the appeal is not taken in good faith. In doing so, the Court notes that the plaintiff-appellant has not explicitly identified any appellate issues that merit serious substantive consideration, and the Court is not aware of any such issues. The jury evaluated the evidence presented by the plaintiff and determined that the plaintiff failed to establish, by a preponderance of the evidence, that the defendants retaliated against the plaintiff for the exercise of his constitutional rights. The Court also addressed the issues raised by the plaintiff in his Motions for New Trial and found them to be without merit. *See* R. Docs. 136, 138 and 142.

WHEN PERMISSION TO APPEAL *IN FORMA PAUPERIS* IS DENIED BECAUSE THE COURT CERTIFIES THAT THE APPEAL IS NOT TAKEN IN GOOD FAITH, THE FOLLOWING SECTION SHALL BE COMPLETED.

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. art. 24(a)(3), the applicant may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal, within thirty (30) days of the date of this Order, with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit. The cost to

file a motion to proceed *in forma pauperis* on appeal with the Fifth Circuit is as calculated below, and if the appellant moves to proceed *in forma pauperis* in the Court of Appeals, prison authorities will be directed to collect the fees in accordance with the following calculation:

Appellant **THEODORE SMITH (#313084)** is assessed an initial partial filing fee in the amount of $ 0.06  .  The agency having custody of the appellant shall collect this amount from the appellant's trust fund account or institutional equivalent, when funds are available,[1] and shall forward it to the Clerk of Court for the Middle District of Louisiana.

Thereafter, the appellant shall pay $ 504.94  , the remaining balance of the appellate filing fees, in periodic installments.  The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until the appellant has paid the total filing fees of $ 505.00.  The agency having custody of the appellant shall collect this amount from the appellant's trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and shall forward such amount to the Clerk of Court for the Middle District of Louisiana.

If the appellant moves to proceed *in forma pauperis* in the Court of Appeals, the Clerk of Court shall mail or deliver by electronic means a copy of this Order to the plaintiff and to the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections.

Baton Rouge, Louisiana, this 2nd day of February, 2016.

*[signature: Brian A. Jackson]*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] In the event that a prisoner's inmate trust fund account does not contain the amount assessed as an initial partial filing fee (initial fee), the prison shall withdraw from the appellant's account any portion of the initial fee that is available, and the appeal shall then proceed as if the initial fee had been paid in full.